FILED
2007 AUG -1  A 10: 52
U.S. BANKRUPTCY COURT
AUGUSTA, GA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE:<br><br>Kenneth M. Pyke, Jr.,<br><br>    Debtor<br><br>---<br><br>Mortgage Electronic<br>Registration Systems, Inc.<br><br>    Movant<br><br>v.<br><br>Kenneth M. Pyke, Jr.,<br>and<br>Barnee C. Baxter,<br>Chapter 13 Trustee<br><br>    Respondents | Chapter 13 Case<br>Number <u>07-10033</u> |

### ORDER

Before the Court is the Motion for Relief from Stay filed by Mortgage Electronic Registration Systems, Inc. ("MERS"). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G). As detailed below, the Court GRANTS the Motion for Relief from Stay.

### FINDINGS OF FACT

On October 13, 2005, Debtor executed a promissory note in

AO 72A
(Rev. 8/82)

favor of Chase Home Finance, LLC ("Chase"). As collateral for the indebtedness, Debtor executed a security deed ("Security Deed") granting MERS, as nominee for Chase, a security interest in real property located in Richmond County, Georgia. The original Security Deed was never recorded in the real estate records.

In September 2006, MERS, as nominee for the lender, initiated foreclosure proceedings against the property because of Debtor's alleged default. A title examination conducted prior to the foreclosure sale revealed that the original Security Deed was never recorded. As a result, on September 14, 2006, MERS filed and recorded in the Richmond County real estate records a Lost Deed Affidavit detailing that the original Security Deed had been lost or misplaced and attaching a copy of the executed Security Deed.

Then, on October 27, 2006, MERS filed a Petition in the Superior Court of Richmond County ("Superior Court") to establish its Lost Deed to Secure Debt. The petition requested the Superior Court enter an order in accordance with O.C.G.A. §44-5-46[1] directing the Clerk of the Superior Court of Richmond County, Georgia to file a copy of the Security Deed in the real estate records and proclaim

---

[1] O.C.G.A. §44-5-46 provides "[i]f an original deed is lost, a copy may be established by the superior court of the county where the land is located; and when the copy is established, it shall have all the effect of the original."

2

it to have the same effect as the original Security Deed. On that same day, MERS also recorded a Notice of Lis Pendens in the Richmond County real estate records indicating MERS had filed suit seeking to be allowed to file, as an original, a copy of the Security Deed.

On October 30, 2006, the Superior Court issued a Rule Nisi setting a hearing on the matter for January 9, 2007. The day before the hearing, Debtor filed for relief under chapter 13 of the United States Bankruptcy Code. Debtor's schedules list Chase as a secured creditor holding a security interest in the real property.

Subsequently, MERS filed this Motion for Relief from the Automatic Stay requesting the automatic stay be lifted to permit MERS to pursue its petition in the Superior Court. MERS contends the recorded Lost Deed Affidavit and lis pendens, both of which were filed prior to Debtor's bankruptcy petition, provided constructive notice to the Trustee, defeating the Trustee's status as a bona fide purchaser under Georgia law, and therefore MERS should be allowed to proceed with its Superior Court proceeding. Conversely, Debtor and the Chapter 13 Trustee ("Trustee") contend that the recordation of the Lost Deed Affidavit is insufficient to defeat the Trustee's strong-arm powers under 11 U.S.C. §544(a). For the reasons discussed below, the Court grants MERS's Motion for Relief from Automatic Stay; provided however, if MERS is successful in its

3

Superior Court action, it may proceed with recording the Security Deed in the Richmond County real estate records, but it shall not take any further action to collect on the debt or foreclose on the property without further order from this court.

## CONCLUSIONS OF LAW

Section 544 of the Bankruptcy Code provides the Trustee with certain strong-arm avoidance powers. Specifically, the Trustee has the power of a judicial lienholder, a creditor holding an unsatisfied execution, and a bona fide purchaser of real property. See 11 U.S.C. §§544(a)(1), (a)(2), and (a)(3).[2] "These [strong-arm]

---

[2] 11 U.S.C. § 544(a) provides the following:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

4

AO 72A
(Rev. 8/82)

rights and powers are conferred on the trustee by federal law. However, the extent of the trustee's rights [under §544(a)] is measured by the substantive law of the jurisdiction governing the property in question." 5 Collier on Bankruptcy, ¶544.02 (15th ed. rev. 2007).

"The phrase 'without regard to the knowledge of the trustee' found in Section 544(a) 'does not give the trustee any greater rights than he, or any other person would have as a bona fide purchaser or creditor under applicable state law.'" Macleod v. Suntrust Bank Northwest Georgia, (In re Henderson), 284 B.R. 515, 518 (Bankr. N.D. Ga. 2002) (citing Maine Nat'l Bank v. Morse, 30 B.R. 52, 54 (1st Cir. 1983)). "The statutory language, 'without regard to any knowledge of the trustee or of any creditor' refers to actual knowledge but not constructive notice. . . . [W]here there are matters of record giving constructive notice of a competing interest because, for example, of . . . a lis pendens or an inquiry notice of a prior claim, the trustee is precluded from using the

---

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

5

avoiding powers." 5 Collier on Bankruptcy, supra, at ¶544.03; Flatau v. Madonian (In re Sheetex, Inc.), Ch. 7 Case No. 98-55263, Adv. No. 98-5079, 1999 WL 739628 (Bankr. M.D. Ga. Sept. 21, 1999).

The issue becomes whether the lis pendens and the Lost Deed Affidavit constitute constructive notice under Georgia law. Georgia's recording statutes provide that "[a] deed may be recorded at any time; but a prior unrecorded deed loses its priority over a subsequent recorded deed from the same vendor when the purchaser takes such deed <u>without notice</u> of the existence of the prior deed." O.C.G.A. §44-2-1 (emphasis added). Georgia law further provides:

> Every unrecorded voluntary deed or conveyance of land made by any person shall be void as against subsequent bona fide purchasers for value <u>without notice</u> of such voluntary deed or conveyance; provided, however, that, if the voluntary deed or conveyance is recorded in accordance with Code Section 44-2-1, it shall have priority over subsequent deeds or conveyances to the described land.

O.C.G.A. §44-2-3 (emphasis added).

According to the Georgia Supreme Court, "[a]ny circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry, is sufficient to constitute notice of a prior unrecorded deed." Price v. Watts, 158 S.E.2d 406, 407 (Ga. 1967). The Georgia Supreme Court has stated further that "the law imputes to a purchaser a knowledge of every fact which appears upon the muniments of title, or which one should inquire

6

AO 72A
(Rev. 8/82)

after the investigation of title." In re Henderson, 284 B.R. at 518 (citing Commodity Credit Corp. v. Wells, 3 S.E.2d 642, 644 (1939)).

> [B]efore exercising the rights and powers of a hypothetical bona fide purchaser, Trustee is obliged to take note of those same circumstances prevailing at the time of the [bankruptcy] petition that a hypothetical purchaser of Debtor's real property would be obliged to take note of, circumstances that would give the hypothetical purchaser notice of another person's pre-existing interest in Debtor's real property. If a hypothetical purchaser of Debtor's real property should have taken note of a superior interest existing in the Debtor's real property, then the prospective purchaser could not have become a bona fide purchaser.

In re Sheetex, 1999 WL 739638, at *6.

"Lis pendens" literally means a pending lawsuit. Black's Law Dictionary 942 (8th ed. 2004). "[T]he purpose of a lis pendens is to notify prospective purchasers that the real property in question is directly involved in a pending suit over title or an interest, i.e., a lien . . . or other similar interest, which seeks some relief respecting such alleged interest in such realty." Hutson v. Young, 564 S.E.2d 780, 782 (Ga. Ct. App. 2002). The doctrine of lis pendens imputes constructive notice to all third parties of the pending litigation and of claims against property. Dodge v. Clark, 268 F. 784 (5th Cir. 1920); Vance v. Lomas Mortgage USA, Inc., 426 S.E.2d 873, 875 (Ga. 1993)(holding that lis pendens provides

7

constructive notice and binds third parties to the outcome of the litigation); See <u>In re Moretz</u>, Case No. 95-41767, 1996 WL 33401174, at *3 n. 1 (Bankr. S.D. Ga. June 10, 1996)(noting that substantial authority exists to support the proposition that the filing of a lis pendens notice defeats a trustee's interest).

For a lis pendens to be valid it must: set forth the names of the parties; set forth the time of the institution of the action; name of the court in which the proceedings are pending; include a description of the real property involved; include a statement of the relief sought regarding the property; and it must be filed in the office of the clerk of the superior court of the county where the real property is located. O.C.G.A. § 44-14-610.[3] In this case,

---

[3] O.C.G.A. § 44-14-610 provides:

> No action, whether seeking legal or equitable relief or both, as to real property in this state shall operate as a lis pendens as to any such real property involved therein until there shall have been filed in the office of the clerk of the superior court of the county where the real property is located and shall have been recorded by the clerk in a book to be kept by him for the purpose a notice of the institution of the action containing the names of the parties, the time of the institution of the action, the name of the court in which it is pending, a description of the real property involved, and a statement of the relief sought regarding the property.

MERS filed a lis pendens two months before Debtor filed for bankruptcy. On its face, the lis pendens appears to comply with the requirements of O.C.G.A. §44-14-610 and no party has challenged the sufficiency of the lis pendens (Ex. D (Lis Pendens) to MERS's Br., Dkt. #30).

In this case, in addition to filing the lis pendens, MERS also recorded a Lost Deed Affidavit in the real estate records four months before Debtor filed his bankruptcy petition. (Ex. A to MERS's Br., Dkt. #30). This affidavit given by a MERS vice president provides the recording information of the warranty deed conveying the property to Debtor; includes the legal description of the property; certifies the Security Deed has been lost or misplaced; and attaches a copy of the executed Security Deed. Therefore, in addition to having constructive notice of MERS's interest in Debtor's property pursuant to the lis pendens, the recording of the Lost Deed Affidavit also provided the Trustee with constructive notice of MERS's interest in the real property.

Under Georgia law, "[r]ecorded affidavits shall be notice of the facts therein recited . . . where such affidavits . . . state any . . . fact or circumstance affecting title to land or any right, title, interest in, or lien or encumbrance upon land." O.C.G.A. §44-2-20(a)(9). Such affidavits are required to be "filed by the

9

clerk of the superior court of the county where the land is located and shall contain a caption referring to the current owner and to a deed or other recorded instrument in the chain of title of the affected land." O.C.G.A. §44-2-20(c). Such affidavits provide constructive notice of the information contained therein. O.C.G.A. §44-2-14(c); Dollar v. Thompson, 96 S.E.2d 493, 495 (Ga. 1957)(stating recorded affidavits shall be notice of the facts recited therein); Maxco, Inc. v. Volpe, 274 S.E.2d 561, 563 (stating affidavits are simply notice and evidence, putting the world on notice of the facts contained therein).

This case is distinguishable from the case cited in Debtor's brief. Stewart v. Brown (In re Watkins), Ch. 13 Case No. 95-20389 (Bankr. S.D. Ga. Oct. 23, 1995) (J. Davis), where the trustee clearly did not have "notice" at the time the petition was filed. Unlike the case currently before the Court, in In re Watkins nothing had been recorded in the real estate records and no lis pendens had been filed. Id. The creditors argued the trustee's §544(a)(3) strong-arm powers were defeated merely by debtor's listing of the debt in her bankruptcy schedules. Id. at 5. However, as the court pointed out, this debt was not reflected in the debtor's original schedules, it was disclosed by post-petition amendment. Id. So, even if the court was inclined to consider such an argument, the

10

trustee did not have any notice at the time the petition was filed and therefore the trustee could avoid the lien as a bona fide purchaser. Id. at 5.

In the case currently before the Court, the lis pendens and Lost Deed Affidavit, with the accompanying copy of the Security Deed, were filed pre-petition and were sufficient to put a man "of ordinary prudence fully upon his guard, and induce serious inquiry." Price, 158 S.E.2d at 407. For these reasons, the Court finds that under Georgia law, the Trustee could not qualify as a bona fide purchaser on the bankruptcy petition date and therefore cannot avail himself of the strong-arm powers of §544(a)(3).

MERS seeks relief from the automatic stay pursuant to 11 U.S.C. §362 to continue its pre-petition litigation to be able to record the copy of the Security Deed as an original. There are three factors to consider in determining if stay relief should be granted to pursue the continuation of a pending lawsuit:

> a) Any 'great prejudice' to either the bankrupt estate or the debtor will result from continuation of a civil suit,
>
> b) the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor, and
>
> c) the creditor has a probability of prevailing on the merits of his case.

11

In re Pro Football Weekly, Inc., 60 B.R. 824, 826 (Bankr. N.D. Ill. 1986).

The Court is satisfied that lifting the automatic stay to allow MERS to pursue a claim to have its copy of the Security Deed declared an original will not be a "great prejudice" to either the bankruptcy estate or Debtor. As noted above, MERS's recordation of the lis pendens and the Lost Deed Affidavit precludes the Trustee from exercising his §544(a)(3) strong-arm powers, so there is no "great prejudice" to the bankruptcy estate. Conversely, the hardship imposed upon MERS if the Court requires it to wait until Debtor completes his chapter 13 plan, projected to be 3 years, to have the copy of the deed declared as an original substantially outweighs the hardship imposed on Debtor. Finally, based on the information provided, the Court finds it probable that MERS will be successful in its Superior Court action to have a copy of the Security Deed established and given the same effect as the original.

IT IS ORDERED that the MERS's Motion for Relief from Stay is GRANTED, allowing MERS to pursue its Superior Court action, and if successful, MERS may record the copy of the Security Deed and/or any accompanying Superior Court order(s) in the Richmond County real estate records; however, MERS shall not take any further action to collect on the debt or foreclose on the property without further order from this Court.

_Susan D. Barrett_
SUSAN D. BARRETT
UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 1st day of August, 2007.